■ LORETTA PEREZ, Respondent, v. GLENS FALLS COCA-COLA BOTTLING CO., Appellant.— AULISI, J. Appeal from a judgment of the Supreme Court, entered October 16, 1967, in Warren County, upon a verdict rendered at a Trial Term in favor of plaintiff. Plaintiff's husband purchased some bottles of Coca-Cola bottled by defendant and brought them home from the store. He placed them in the refrigerator and several minutes later the plaintiff removed two bottles, gave one to her husband and poured some of the Coca-Cola from the other into her glass. After taking a drink she answered the phone, whereupon she noticed some white, thread-like objects in her Coca-Cola. She called her husband, hung up the phone and became sick. Nausea continued and she vomited several times that night and the next day. She called a doctor and saw him two days later and was given a prescription. She improved gradually and was pretty much back to normal after 10 days. The laboratory report indicated the remaining contents of the bottle contained " a few particles of foreign matter * * * of unidentifiable leafy material." There was no medical testimony and defendant produced evidence showing the bottling process. Defendant asserts that plaintiff cannot merely show that sickness was caused by drinking the foreign substance unless it was revolting or unfit for human consumption. From the description of the substance the jury could indeed find it was unwholesome or revolting and implicit in the jury's verdict is the jury's finding that it was. In any event the verdict was fully warranted under the court's charge and the instructions given in response to requests to charge, to none of which was any exception taken. Defendant objects to the verdict of $2,500 as excessive but the question of damages is for the jury. Plaintiff was nauseated and vomited six or seven times and could not eat properly for about 10 days. She sought medical attention and was given medication. She also testified that she had not been nauseated from food or drink to her recollection since childhood. The record here does not mandate our disturbing the damages assessed by the jury. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.

■ In the Matter of the Claim of LENA DI SALVO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed October 25, 1967, disqualifying claimant from unemployment insurance benefits. Claimant worked in a dress shop for approximately 12 years and resided in Brooklyn with her husband. Her husband retired and they moved to Long Island at which time claimant left her employment. The board found her disqualified from receiving benefits because she left her job by following her husband to a new locality (Labor Law, § 593, subd. 1, par. [b], cl. [2]). We find no reason for disturbing the decision of the board and, in fact, at the hearing before the Referee in response to the question, " What happened to the job with Hamilton Dress?" claimant stated in almost statutory language, " I had to go away to follow my husband." Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.